**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

PAMELA JOHNSON,

        Plaintiff,

vs.

AMERICAN EDUCATION

SERVICES., Does 1-10

        Defendant.

**Case No.:**   3:16-CV-710-CRS

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227 et. seq.]

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Pamela Johnson, ("Plaintiff"), through her attorneys, alleges the following against Defendant, American Education Services, ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

## JURISDICTION AND VENUE

2.  Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

3.  Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

4.  Defendant transacts business here; personal jurisdiction is established.

## PARTIES

5.  Plaintiff is a natural person residing in LaGrange, Oldham County, Kentucky.

6.  Defendant is a guarantor and lender with its principle place of business located in Harrisburg, Pennsylvania. Defendant can be served at 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

7.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8.  Defendant is attempting to collect a debt from Plaintiff.

9.  On or about May 20, 2015, Defendant began placing calls to Plaintiff's cellular phone number (502) 552-1993.

10. Upon information and belief, the calls all originated from (800) 233-0557; this number is owned or operated by Defendant.

11. On or about May 20, 2015 at 9:09 a.m., Plaintiff answered a collection call from Defendant originating from telephone number (800) 233-0557. Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

12. Defendant informed Plaintiff that it was attempting to collect a debt.

13. Plaintiff instructed Defendant not to contact her any further.

14. Between May 20, 2015 and July 26, 2016, Defendant proceeded to call Plaintiff on her cellular phone not less than thirty-five (35) times, despite Plaintiff revoking consent to be contacted.

15. On April 18, 2016 at 4:01 p.m., Plaintiff answered another collection call from Defendant originating from telephone number (800) 233-0557. Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

16. Defendant informed Plaintiff that it was attempting collect a debt.

17. Plaintiff instructed Defendant not to contact her any further, again, as she had each and every time she picked up their calls.

18. Between April 18, 2015 and July 26, 2016, Defendant proceeded to call Plaintiff on her cellular phone not less than thirty-five (35) times, despite

Plaintiff answering the majority of the calls, and each time she requested that all calls stop.

19. Between May 20, 2015 and April 20, 2016, Defendant willfully called Plaintiff not less than thirty -five (35) times on Plaintiff's cellular phone.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including but not limited to, emotional and mental pain and anguish.

## <u>COUNT I</u>

### (Violations of the TCPA, 47 U.S.C. § 227)

1. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

  a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to

a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

3. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, Pamela Johnson, respectfully requests judgment be entered against Defendant, American Education Services, for the following:

A. Statutory damages pursuant to the TCPA, 47 U.S.C. § 227; and

B. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: November 11, 2016

By:*/s/* STEFANIE EBBENS KINGSLEY
STEFANIE EBBENS KINGSLEY LAW
100 N. MAIN STREET, SUITE 300
CORBIN, KY 40701
(606) 261-2240 OFFICE
(606) 260-2565 CELL
stefanie@sek-law.com
Attorney for Plaintiff