UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PAMELA JOHNSON                                            PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:16-cv-00710-CRS

AMERICAN EDUCATION SERVICES                          DEFENDANT

Memorandum Opinion

I.      Introduction

This matter is before the Court on the motion of Defendant Pennsylvania Higher Education Assistance Agency d/b/a American Education Services (AES) to dismiss the single claim asserted against it under Federal Rule of Civil Procedure 12(b)(1), ECF No. 8. Plaintiff Pamela Johnson responded, ECF No. 11. AES replied, ECF No. 16. For the reasons set forth below, the Court will deny AES's motion to dismiss the claim for lack of jurisdiction.

II.      Allegations in the Complaint

In May 2015, Johnson allegedly began receiving telephone calls on her cellular phone number from (800) 233-0557, a telephone number that she asserts AES owns and operates. Compl. ¶¶ 9–10, ECF No. 1. On May 20, 2015, Johnson apparently received a collection call from (800) 233-0557. *Id.* ¶ 11. She heard a pause before the collection agent began to speak, which she says indicates the use of an automated telephone dialing system. *Id.* The collection agent informed Johnson that AES was attempting to collect a debt. *Id.* ¶ 12. Johnson then told the collection agent not to contact her any further. *Id.* ¶ 13.

Johnson asserts that between April or May 2015 and April or July 2016, AES called her cellular phone at least thirty-five times, even though she had asked not to be contacted. *Id.* ¶¶ 14,

18, 19. For example, on April 18, 2016, Johnson allegedly answered a call from (800) 233-0557. *Id*. ¶ 15. Like on May 20, 2015, she heard a pause before the collection agent began to speak, which she says indicates the use of an automated telephone dialing system. *Id*. According to Johnson, AES informed her that it was attempting to collect a debt. *Id*. ¶ 16. Johnson then told AES not to contact her any further. *Id*. ¶ 17. Johnson says that she sustained "emotional and mental pain and anguish" as a result of these telephone calls. *Id*. ¶ 20.

Johnson filed suit in this Court. She asserts that AES's telephone calls violated the Telephone Collection Practices Act (TCPA), 47 U.S.C. § 227, *et seq*. Johnson seeks an award of statutory damages consisting of $500 for each violation of the TCPA under 47 U.S.C. § 227(b)(3)(B). *Id*. 5. She also seeks statutory damages of $1,500.00 for each violation of the statute, if the Court finds that AES knowingly and/or willfully violated the TCPA, under 47 U.S.C. § 227(b)(3)(C). *Id*.

III.   Discussion

AES now moves to dismiss Johnson's claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Mot. Dismiss 1, ECF No. 8. Motions made under Rule 12(b)(1) generally come in two varieties, a facial attack and a factual attack. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack challenges the sufficiency of the pleadings. *Id*. In reviewing a facial attack, the court must accept as true all factual allegations in the complaint. *Id*. In contrast, the court need not accept as true all factual allegations in the complaint when reviewing a factual attack on the pleading. *Id*. When reviewing a factual attack, the court "weigh[s] the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id*. The court has the discretion to review

"affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id*.

AES argues that the Court should dismiss Johnson's claims under Rule 12(b)(1) because the complaint is facially deficient. Mem. Supp. Mot. Dismiss 3, ECF No. 8. AES claims that Johnson's "mere allegation of bare statutory violations and associated statutory damages is insufficient to constitute the concrete part of injury-in-fact to confer standing." Johnson asserts, however, that she has pled all elements of standing, including an injury in fact "in the form of a violation of the TCPA and a tangible harm of emotional and mental pain and anguish." Resp. Opp. Mot. Dismiss 3–7, ECF No. 11. AES contends that Johnson's alleged injury consisting of emotional and mental pain and anguish "emanate out of the calls themselves," not from the violations of the TCPA because she would have suffered the same harm if its alleged actions had not violated the statute, and thus that she still does not have standing to assert her claims. Reply 6–7, ECF No. 16.

Article III limits federal courts to hearing "actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984). Article III has given rise to the doctrine of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing requires that the plaintiff demonstrate three elements to bring a case in federal court. *Id*. First, the plaintiff must have suffered an "injury in fact." *Id*. An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not 'conjectural' or hypothetical.'" *Id*. (internal citations omitted). Second, there must be a "causal connection" between the injury and the conduct of which the plaintiff complains. *Id*. Third, it must be likely that the injury will be "redressed by a favorable decision" by the court. *Id*. at 561 (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 43 (1976)).

Regarding the injury-in-fact requirement of standing, the Supreme Court recently reiterated that the plaintiff's injury must "actually exist." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). The Court also noted, however, that the plaintiff's injury need not be tangible to be concrete. *Id*. The Court provided some guidance on determining when an intangible injury is concrete: courts should "consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Id*.

The Court also affirmed that Congress may make some types of intangible injuries concrete. *Id*. (citing *Lujan*, 504 U.S. at 578)). Therefore, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Id*. The Court added that the "risk of real harm" could mean "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact" and under such circumstances, "a plaintiff . . . need not allege any *additional* harm beyond the one Congress has identified." *Id*. (emphasis in original).

The United States Court of Appeals for the Sixth Circuit has not yet determined in light of *Spokeo* what type(s) of injuries will confer Article III standing when the plaintiff alleges that the defendant violated the TCPA. *Swetlic Chiropractic & Rehab. Ctr., Inc. v. Foot Levelers, Inc.*, No. 2:16-cv-236, 2017 U.S. Dist. LEXIS 11017, at *8 (S.D. Ohio Jan. 26, 2017). The TCPA prohibits telephone calls using "automatic telephone dialing systems," or artificial or pre-recorded voices, except with the called party's prior express consent. 47 U.S.C. § 227(b)(1). These calls are generally known as "robo-calls." *Ashland Hosp. Corp. v. Serv. Emps. Intern. Union*, 708 F.3d 737, 739 (6th Cir. 2013). The TCPA provides a right of action for people who

4

have received more than one telephone call by or on behalf of the same entity within a twelve month period in violation of the statute. *Id*. § 227(c)(5).

Since the Supreme Court decided *Spokeo*, a few district courts have addressed what type of injuries a TCPA plaintiff must allege to obtain standing. For example, the United States District Court for the Eastern District of Louisiana found that a plaintiff did not have standing to sue for violations of the TCPA. *Sartin v. EKF Diags., Inc.*, No. 16-1816 SECTION R, 2016 U.S. Dist. LEXIS 86777, at *11 (E.D. La. July 5, 2016). The *Sartin* plaintiff alleged that the defendants had violated the TCPA by sending him unsolicited faxes advertising their products and services. *Id*. at *2. He filed his lawsuit against the defendants and sought statutory damages and injunctive relief. *Id*. at *3. The district court determined that although the plaintiff had "plausibly alleged that defendants violated the TCPA by sending unsolicited fax advertisements, he fail[ed] to plead facts demonstrating how this statutory violation caused him concrete harm." *Id*. at *7. The complaint did not reference any type of injury beyond a statutory violation. *Id*. Therefore, the court concluded, the plaintiff' had not alleged an injury-in-fact sufficient to confer standing. *Id*. at *9.

In contrast, the United States District Court for the Eastern District of Kentucky found that a plaintiff had standing to sue for violations of the TCPA. *Caudill v. Wills Fargo Home Mortg.*, Inc., No. 5:16-066-DCR, 2016 U.S. Dist. LEXIS 89136, at *6 (E.D. Ky. July 11, 2016). In *Caudill*, the plaintiff alleged that Wells Fargo Home Mortgage, Inc. ("Wells Fargo") violated the TCPA by calling his cellular telephone—without his consent—frequently over four years using an automatic telephone dialing system and a prerecorded voice. *Id*. at *2. The plaintiff amended his complaint to include allegations that Wells Fargo's calls caused him to suffer an invasion of privacy, intrusion upon seclusion, extreme anxiety, aggravation, nervousness,

5

humiliation, worry, and deep fear of losing his home. *Id*. Drawing upon *Spokeo*, the district court determined that the harms that the plaintiff alleged, such as an invasion of privacy, had "traditionally been regarded as providing a basis for a lawsuit in the United States." The court further noted that the TCPA was intended to protect consumers from the "nuisance, invasion of privacy, costs, and inconvenience that autodialed and prerecorded calls generate." *Id*. at *5–6. Thus, the court concluded, Caudill had alleged an injury-in-fact sufficient to confer standing. *Id*. at *6.

Like the plaintiff in *Caudill*, Johnson has alleged an injury consisting of more than procedural violations of the TCPA: she also asserts that she suffered "emotional and mental pain and anguish" as a result of AES's phone calls. Compl. ¶ 20, ECF No. 1. Such emotional distress is a type of injury that has traditionally been regarded as a basis for the lawsuit in the United States. *See Craft v. Rice*, 671 S.W.2d 247, 251, (Ky. 1984); *Estate of Crutcher v. Trover*, No. 2012-CA-001841-MR, 2012-CA-001842-MR, 2012-CA-001856-MR, 2012-CA-001859-MR, 2016 Ky. App. Unpub. LEXIS 6, *31 (Ky. Ct. App. Jan. 8, 2016). Therefore, based on *Spokeo*, this Court is satisfied that Johnson has Article III standing to assert her claim.

AES's contention that Johnson's emotional and mental pain and anguish "emanate out of the calls themselves" because her emotional distress could have arisen from actions that do not violate the TCPA takes her claims out of the context of her complaint. In her complaint, Johnson alleges she received at least 35 collection calls without her permission from AES who apparently used an automated telephone dialing system. Compl. ¶¶ 14, 18, 19, ECF No. 1. "As a result of Defendant's conduct,"—AES's collection calls using the automated telephone dialing system,— Johnson claims that she "sustained . . . emotional and mental pain and anguish." *Id*. ¶ 20. Johnson does not allege that AES also or alternatively contacted her in ways that did not violate

the TCPA. Thus, accepting all allegations in the complaint as true, *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325, this Court finds that AES's argument regarding Johnson's emotional and mental pain and anguish injury is unavailing.

IV. <u>Conclusion</u>

The Court will deny AES's motion to dismiss the claims under Federal Rule of Civil Procedure 12(b)(1). An order will be entered in accordance with this memorandum opinion.

March 8, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**